The STATE of Texas, Appellant,

v.

Doris MONTGOMERY, Appellee.

No. 14–96–01091–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1997.

Jane Marie Scott, Huntsville, for appellant.

Hal R. Ridley, Huntsville, for appellee.

Before ROBERTSON, SEARS and BILL CANNON, JJ.*

## OPINION

BILL CANNON, Justice (Assigned).

The State appeals an order granting appellee's motion to suppress evidence in a prosecution against appellee for driving while intoxicated. In three points of error, the State contends the trial court abused its discretion in granting the motion to suppress because collateral estoppel did not bar the State from relitigating the legality of the initial stop. We reverse and remand.

A Huntsville police officer arrested appellee without a warrant for driving while intoxicated. Appellee refused to take a breath test and the Department of Public Safety (DPS) sought to suspend her license. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamphl.1997). Upon appellee's request, an administrative law judge held a hearing to determine whether to suspend appellee's license. *See id.* § 724.041. The administrative law judge found the Department of Public Safety did not prove by a preponderance of the evidence that the police officer had reasonable suspicion to stop appellee and declined to suspend appellee's license. *See id.* §§ 724.042, 724.043(a).

The State subsequently filed charges against appellee for the misdemeanor offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.02(a) (Vernon Supp.1997). Before trial, appellee filed a motion to suppress all evidence obtained subsequent to her detention alleging the evidence was tainted because the initial stop was illegal. At the hearing, appellee objected to the testimony of the arresting officer regarding the initial stop. She maintained collateral estoppel precluded the State from relitigating the legality of the stop because the administrative law judge previously ruled the officer lacked reasonable suspicion to make the initial stop. The trial court sustained appellee's objection. Based on the administrative law judge's finding, the trial court barred the State from relitigating the legality of the stop and suppressed all evidence seized subsequent to the initial detention.

■ In its third point of error, the State contends the trial court abused its discretion in granting appellee's motion to suppress because collateral estoppel does not bar the State from relitigating the legality of the initial stop in a criminal proceeding under Section 724.048(a)(2) and (3) of the Texas Transportation Code. At a hearing on a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and the weight given their testimony. *Green v. State,* 934 S.W.2d 92, 98 (Tex.Crim.App. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). Therefore, an appellate court must view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). Furthermore, the appellate court must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

■ Collateral estoppel precludes the relitigation of an issue of ultimate fact between the same parties once the issue has been determined by a valid and final judgment. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Because collateral estoppel is one of the protections provided by the Fifth Amendment guarantee against double jeopardy, a defendant may assert the doctrine to bar the relitigation of facts in a criminal prosecution

---

* Panel sitting by assignment.

regardless of whether the prior fact-finding proceeding was criminal, civil or administrative. *State v. Aguilar*, 947 S.W.2d 257, 259 (Tex.Crim.App.1997) (citing *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex.Crim.App.1986)). Notwithstanding *Tarver*, the Texas Legislature expressly provided in Section 724.048(a) that a determination by DPS or an administrative law judge is independent of, and is not estoppel, as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial and does not preclude litigation of the same or similar facts in a criminal prosecution. TEX. TRANSP. CODE ANN. § 724.048(a)(2), (3) (Vernon Pamph. 1997).

The trial court, however, found Section 724.048(a)(2) and (3) violated the constitutional provision regarding separation of powers. Consequently, the trial court accepted the finding of the administrative law judge and barred the State from offering evidence concerning the legality of the initial stop on the basis of collateral estoppel. Therefore, to determine whether the trial court abused its discretion in sustaining the motion for rehearing, we must first address the constitutionality of Section 724.048(a).

■ Article 2, Section 1 of the Texas Constitution provides for the separation of powers in state government and prohibits the blending of the branches of state government. TEX. CONST. art. 2, § 1. This separation of powers provision may be violated when one branch of government assumes or is delegated a power that is more properly attached to another branch or when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex.Crim.App.1990).

Appellee contends Section 724.048(a) violates the separation of powers doctrine because it unduly interferes with the judicia-

ry's effective exercise of it constitutionally assigned power to decide issues of law. Appellee argues Section 724.048(a) redefines collateral estoppel in contravention of the Supreme Court's decision in *Ashe*, which recognized the applicability of collateral estoppel within the framework of double jeopardy protection in a criminal proceeding under the Fifth Amendment. *See Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194.

■ We disagree. The Texas Legislature may delegate its power to administrative agencies established to carry out legislative purposes. *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex.1995). Because an administrative agency is a creation of the legislature, it has only those powers expressly conferred and those necessary to the accomplishment of its duties. *City of El Paso v. Public Utility Com'n of Texas*, 839 S.W.2d 895, 909 (Tex.App.—Austin 1992), *affirmed in part and reversed in part on other grounds*, 883 S.W.2d 179 (Tex. 1994).[1] For this reason, Texas courts will imply no additional authority to an administrative agency by judicial construction without ascertaining the Legislature's intent. *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

The United States Supreme Court recognized a similar limitation in applying the rules of collateral estoppel to findings of administrative agencies. *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 108–09, 111 S.Ct. 2166, 2169–70, 115 L.Ed.2d 96 (1991). The Court said, "Although administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." *Id.* at 109, 111 S.Ct. at 2170. "Courts do not, of course, have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand. In this

1. *See also Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n*, 706 S.W.2d 644, 645 (Tex.1986) (noting when the Legislature creates an administrative agency, it may also prescribe rules and regulations governing the administrative body and the method by which the rights determined by such body will be enforced, including the procedures for obtaining judicial review of final agency decisions); *State v. Jackson*, 376 S.W.2d 341, 344 (Tex.1964) (stating the Legislature may withdraw by preemption or by express declaration any or all of the powers delegated to an administrative agency that it has created).

context, the question is not whether administrative estoppel is wise but whether it is intended by the legislature." *Id.* at 108, 111 S.Ct. at 2169.

 In this case, the Texas Legislature acted within the framework of its delegation power and did not interfere with the judiciary's power to decide issues of law. By enacting Section 724.048, the Legislature did not redefine collateral estoppel in contravention of constitutional double jeopardy protection but explicitly expressed its intent that administrative collateral estoppel not bar the relitigation of findings made by the DPS or an administrative law judge following a license revocation hearing under Chapter 724 of the transportation code.[2] Because the trial court applied an incorrect theory of law in contravention of the Legislature's clear intent, the trial court abused its discretion in relying on the administrative finding and in granting appellee's motion to suppress. Therefore, we sustain the State's third point of error.

In its first point of error, the State contends the trial court abused its discretion in sustaining appellee's objection to the arresting officer's testimony at the suppression hearing on the basis that collateral estoppel barred the State from relitigating the legality of the initial stop. We agree for the same reasons discussed in point of error three. Consequently, we sustain the State's first point of error.

In its second point of error, the State alleges the trial court abused its discretion in relying upon the findings of the administrative law judge because the officer's affidavit was defective. We need not reach the merits of this point of error given our disposition of the State's third point of error.

Accordingly, the judgment of the court below is reversed and the cause remanded for trial in accordance with this opinion.

---

[2] Recognizing the power of the Legislature over an administrative agency, the Texas Court of Criminal Appeals noted the applicability of Section 724.048(a) for offenses committed on or after September 1, 1995, as in this case, even though the court held the rules of preclusion applied to an administrative law judge's finding authorized under a previous statute. *Aguilar,* 947 S.W.2d at 261, n. 5 (incorrectly citing Texas Traf.Code 524.014, but intending TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon Pamph.1997)).