**Ex parte Andrew Ross GREGERMAN.**

**No. 14–97–00912–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1998.

---

Robert G. Turner, Houston, for relator.

Alan Curry, Houston, for respondent.

Before MURPHY, C.J., and HUDSON and O'NEILL, JJ.

## OPINION

HUDSON, Justice.

Appellant, Andrew Ross Gregerman, appeals the pre-trial denial of a writ of habeas corpus based on double jeopardy grounds. In his sole point of error, appellant argues that, because an administrative law judge determined the Department of Public Safety (DPS) failed to establish he was intoxicated while driving, collateral estoppel bars the State from relitigating the issue of intoxication at his criminal trial for driving while intoxicated (DWI). We affirm.

Appellant was arrested for DWI at the scene of a traffic accident near his home. Because appellant refused to give a breath specimen to the arresting officer, the DPS sought to suspend his driver's license. See TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1998). At a hearing on the suspension, an administrative law judge found the DPS failed to prove its allegation that appellant was intoxicated while driving. See *id.* §§ 724.041, 724.042; 724.043. Before his criminal trial for DWI, appellant filed an application for writ of habeas corpus, which the trial court denied.

■ On appeal, appellant contends the trial court abused its discretion in denying his application for writ of habeas corpus because collateral estoppel bars the State from relitigating issues decided at the administrative revocation hearing. "The double jeopardy proscription of the Fifth Amendment to the United States Constitution and Article I, Section 14 of the Texas Constitution protect an accused against being twice tried for the same offense." *Walton v. State,* 831 S.W.2d 488, 490 (Tex.App.—Houston [14th Dist.] 1992, no pet.). The constitutional protections against double jeopardy necessarily encompass the doctrine of collateral estoppel. *See Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Walton,* 831 S.W.2d at 490. "Conceptually, the State and Federal double jeopardy provisions are identical." *Stephens v. State,* 806 S.W.2d 812, 814 (Tex.Crim.App.1990).[1]

---

1. We note there is some question as to whether state and federal double jeopardy provisions continue to be conceptually identical. *See Ex parte Davis,* 957 S.W.2d 9, 14 (Tex.Crim.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1307, 140 L.Ed.2d 472 (1998); *Ex parte Hernandez,* 953 S.W.2d 275, 285–86 (Tex.Crim.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1093, 140 L.Ed.2d 149 (1998); *Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App.1996). Nevertheless, without authority to direct us otherwise, we apply federal constitutional analysis to state double

 As a general rule, a defendant may assert the doctrine of collateral estoppel to preclude the relitigation of a particular fact in a criminal proceeding regardless of whether the prior fact-finding proceeding was criminal, civil or administrative. *See State v. Aguilar,* 947 S.W.2d 257, 259 (Tex.Crim.App.1997) (discussing the requisites a defendant must establish to support a collateral bar under *Ex parte Tarver,* 725 S.W.2d 195, 199 (Tex.Crim.App.1986)). The doctrine of collateral estoppel emanating from the state and federal constitutional double jeopardy protections, however, is not implicated in cases where double jeopardy is not applicable. *See State v. Smiley,* 943 S.W.2d 156, 158 (Tex.App.—Amarillo 1997, no pet.) (collateral estoppel is subset of double jeopardy and has no application unless claimant previously placed in jeopardy); *Nichols v. Scott,* 69 F.3d 1255, 1269–70 (5th Cir.1995), *cert. denied,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996) (no due process basis, independent of the Double Jeopardy Clause, for the application of collateral estoppel); *Showery v. Samaniego,* 814 F.2d 200, 203 (5th Cir.1987) (collateral estoppel applies insofar as it is necessary to safeguard against the risk of double jeopardy). The double jeopardy bar applies to successive prosecutions and successive punishments for the same criminal offense but only if the two offenses for which the defendant is punished or tried are the same "offense" as defined by the "same elements" or *"Blockburger"* test. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The statutes authorizing prosecution for the offense of DWI and a driver's license revocation define the same offense for double jeopardy purposes under *Blockburger. See Voisinet v. State,* 935 S.W.2d 424, 425 (Tex.Crim.App.1996). Nevertheless, the Double Jeopardy Clause of the Texas and United States Constitutions are not implicated unless a driver's license suspension constitutes punishment. *See Voisinet,* 935

S.W.2d at 426. The suspension of a driver's license is a remedial civil sanction and does not constitute "punishment." *See Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim.App. 1996). Therefore, the doctrine of collateral estoppel emanating from state and federal constitutional double jeopardy protections does not apply to bar the relitigation of findings made at an administrative license revocation hearing. *See Smiley,* 943 S.W.2d at 156.

 Appellant brought his constitutional claims on appeal from the denial of a motion for writ of habeas corpus. A petition for pre-trial writ of habeas corpus is an extraordinary remedy that should not be granted when there is an adequate remedy by appeal after final judgment; it is not a substitute for an appeal. *See Ex parte Clore,* 690 S.W.2d 899, 900 (Tex.Crim.App.1985). A double jeopardy claim, nevertheless, may be brought by a motion for writ of habeas corpus. *See Ex parte Gonzales,* 667 S.W.2d 932, 935 (Tex.App.—Austin 1984, pet. ref'd). Appellant's collateral estoppel claims do not fall within federal or state double jeopardy protection. Therefore, relief by writ of habeas corpus is not appropriate and should not be granted. The trial court did not abuse its discretion in denying appellant's motion for writ of habeas corpus.

 Even if appellant asserted a viable claim on direct appeal, he would not be entitled to relief. Texas has adopted the federal common law doctrine of administrative collateral estoppel for criminal cases. *See Ex parte Tarver,* 725 S.W.2d at 199. *See also United States v. Utah Constr. and Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). In determining whether administrative collateral estoppel imposes the rules of preclusion, a court must consider whether the legislature intended administrative estoppel to apply to findings by administrative agencies. *See Astoria Fed. Sav. and Loan Ass'n v. Solimino,* 501 U.S. 104, 108, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *see*

jeopardy concerns. *See Ex parte Anthony,* 931 S.W.2d 664, 667 (Tex.App.—Dallas 1996, pet.

ref'd).

*also State v. Montgomery*, 957 S.W.2d 581, 583–84 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd) (stating legislative intent governs application of administrative estoppel). The Texas Legislature *expressly prohibits* the application of collateral estoppel to (1) a finding of the *DPS or an administrative law judge* at a hearing on the suspension or denial of a driver's license where the driver refuses to provide a breath or blood specimen; and (2) a determination by the *DPS* on a driver's license suspension if the driver does not request a hearing on the suspension and the driver submits a breath or blood specimen. *See* TEX. TRANSP. CODE ANN. §§ 724.048(a), 524.012(e) (Vernon Pamph.1998) (emphasis added).[2]

■■■ Appellant refused to submit a breath sample upon request, therefore, the prohibition of Section 724.048(a) applies. *See id.* § 724.002; *Montgomery*, 957 S.W.2d at 584. Accordingly, we need not apply the *Tarver* elements to determine whether collateral estoppel precludes the State from relitigating the issue of intoxication while driving, even though the administrative law judge found otherwise.

Appellant, however, questions the application of section 724.048(a) and the viability of our holding in *Montgomery* because the collateral bar provisions of section 724.048(a) do not differ from the collateral bar provisions of the Section 2(r) of former article 6701l–5 of the revised civil statutes,[3] the statute in

effect in *Aguilar*. While appellant is correct in asserting that the codification of the revised civil statutes represents no substantial revision of the law in effect prior to September 1, 1995,[4] we held in *Montgomery* that the trial court applied an incorrect theory of law in contravention of the Legislature's clear intent in Section 724.048. *See Montgomery*, 957 S.W.2d at 584. We also noted that the court of criminal appeals held the rules of preclusion applied to an administrative finding under the previous statute. *Id.* at 584 n. 2. The issue in *Montgomery*, unlike *Aguilar*, concerned the constitutionality of Section 724.048(a) under the separation of powers doctrine. *Id.* at 583. In denying Montgomery's petition for discretionary review, the court of criminal appeals has declined to address the issue.

On the other hand, the court of criminal appeals granted review in *Aguilar* "to determine whether the State's method of license revocation in a administrative driver's license revocation proceeding bars the application of collateral estoppel in a later criminal proceeding." *Aguilar*, 947 S.W.2d at 258. In addressing this issue, the court of criminal appeals made no mention of Section 2(r) of former article 6701l–5 of the revised civil statutes. Section 2(r) precludes application of collateral estoppel to findings made by the DPS or an administrative judge at a license suspension hearing. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 434, 1969 Tex. Gen. Laws 1468, 1468–70, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993

---

2. The legislature, however, *does not prohibit* the application of collateral estoppel to the findings of an administrative law judge at a hearing on the suspension or denial of a license where the driver provides a blood or breath sample. *See* TEX.TRANSP.CODE ANN. § 524.012(e) (Vernon Pamph.1998).

3. Appellant misstates the statute preceding section 724.048(a). Section 5(d) of former article 6687b–1 of the revised civil statutes is the predecessor to section 524.012(e) of the transportation code and applies when the driver submits a blood or breath specimen to the arresting officer. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3518, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871; TEX. TRANSP. CODE ANN. § 524.012 historical note (Vernon Pamph.1998). On the other hand, section

2(r) of former article 6701l–5 of the revised civil statutes and section 724.048(a) of the transportation code preclude the application of collateral estoppel to issues determined by the *department or an administrative law judge* in cases where the driver refuses to submit a breath or blood specimen. (emphasis added). *See* Act of May 24, 1969, 61st Leg., R.S., ch. 434, 1969 Tex. Gen. Laws 1468, 1468–70, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 15, § 23, 1995 Tex. Gen. Laws 1025, 1871; TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon Pamph.1998).

4. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 25, 1995 Tex. Gen. Laws 1025, 1871; *Texas Dept. of Public Safety v. Watson*, 945 S.W.2d 262, 263 n. 1 (Tex.App.—Houston [1st Dist.1997, no writ).

Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 15, § 23, 1995 Tex. Gen. Laws 1025, 1871. The court of criminal appeals did note, albeit incorrectly, that section 724.048(a) applies to offenses committed after September 1, 1995. *See Aguilar*, 947 S.W.2d at 261 n. 5. Without further guidance [5] from the court of criminal appeals on the constitutionality of Section 724.048(a), we apply *Montgomery* to proceedings falling under chapter 724 of the transportation code.

The trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus. Appellant's point of error is overruled. Accordingly, the judgment of the court below is affirmed.

---

**5.** We know of no other case in which the court of criminal appeals has addressed the constitutionality of section 724.048(a) or section 2(r) of former article 6701l–5. *But see Todd v. State*, 956 S.W.2d 777 (Tex.App.—Waco 1997, pet. requested) (stating court of criminal appeals has, in a sense, determined that section 724.048(a) is constitutional).