The STATE of Texas, Appellant,

v.

Richard PATRICK, Appellee.

No. 13–97–525–CR.

Court of Appeals of Texas,
Corpus Christi.

April 8, 1999.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., Steven C. Hilbig, Criminal Dist. Atty., San Antonio, for appellant.

George Allen Scharmen, II, San Antonio, for appellee.

Before Justices DORSEY, CHAVEZ, & RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

Appellant, the State of Texas, appeals the pre-trial grant of appellee Richard Patrick's motion for writ of habeas corpus based on double jeopardy grounds. In its sole point of error, the State argues the trial court abused its discretion by holding collateral estoppel, an aspect of double jeopardy, barred relitigation of findings made at an administrative hearing to suspend Patrick's driver's license. We reverse and remand.

Patrick was arrested for DWI in San Antonio, Texas. Because he refused to give a breath specimen, the Department of Public Safety sought to suspend his driver's license. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Pamph.1999). At a hearing on the suspension, an administrative law judge found the DPS failed to prove its allegation that appellant was intoxicated while driving. *See id.* §§ 724.041, 724.042, 724.043. Before his criminal trial for DWI, Patrick filed an application for writ of habeas corpus, which the trial court granted on the basis that the State was collaterally estopped from challenging the findings of fact made during the license revocation hearing.

The State argues the doctrine of collateral estoppel is not applicable to findings made at an administrative hearing under the plain terms of transportation code section 724.048. Patrick responds that collateral estoppel is constitutionally founded and that the transportation code violates the state constitution's double jeopardy and separation of powers clauses.

We review the decision to grant a writ of habeas corpus under an abuse of discretion standard. *Ex parte Wilkinson,* 952 S.W.2d 9, 10 (Tex.App.—San Antonio 1997, pet. ref'd); *Ex parte Ayers,* 921 S.W.2d 438, 441 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Ex parte Zavala,* 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.). Evidence of clear abuse is shown where the trial court acted without reference to any guiding principles or rules. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990).

The doctrine of collateral estoppel prevents the re-litigation of facts once they have been found in an action between the same parties. That bar of future prosecution derives from the double jeopardy guarantees of the Fifth Amendment to the United States Constitution, *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and article 1, section 14 of the Texas Constitution. *See, Ex parte Poplin,* 933 S.W.2d 239, 242 (Tex. App.—Dallas 1996, pet. ref'd); *Ex parte Smith,* 731 S.W.2d 632, 635 (Tex.App.— Houston [1st Dist.] 1987, no pet.). Patrick

contends that article 1, section 14 of the Texas Constitution affords greater protection than the double jeopardy provision of the Fifth Amendment. However, this question has been resolved to the contrary. *See Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App.1990); *Arnold v. State,* 920 S.W.2d 704, 707 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (Texas's double jeopardy protection is identical to that afforded by the federal Constitution).

■ Whether a finding by an administrative law judge has a preclusive effect on a later criminal prosecution is a matter of some debate. Considering this question under the predecessor statute to transportation code section 724, the court of criminal appeals concluded it did not. *State v. Aguilar,* 947 S.W.2d 257, 260–61 (Tex. Crim.App.1997). Aguilar was arrested for DWI and refused a breath test. The administrative hearing on his driver's license suspension resulted in a finding of "no probable cause to arrest." Aguilar filed a motion to suppress in the DWI proceeding, arguing that the doctrine of collateral estoppel barred the State from relitigating the issue of probable cause. *Id.* at 258–59.

The Court held that collateral estoppel may have application, on a case-by-case basis, even if the proceeding is labeled "civil" or "administrative," if the defendant proves: (1) there was a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant issue; (2) the fact issue is the same in both proceedings; and (3) the original fact finder acted in a judicial capacity. *Id.* at 259–60. Concluding Aguilar had not carried his burden, the Court overruled his point. Patrick points out, however, that in doing so, the Court affirmed the applicability of collateral estoppel to administrative hearing findings.

*Aguilar* is important in two respects. First, it highlights the differences between Texas Revised Civil Statutes article 6701*l*–5 and the provision before us, Texas Transportation Code section 724. More significantly, the Court observed in a footnote that section 724, though not applicable to the case then under consideration, provides that administrative suspension hearings are civil matters and have no preclusive effect. *Id.* at 261 n. 5.

THE TRANSPORTATION CODE

The Texas Transportation Code provision referenced in *Aguilar* and at issue before us states:

**Relationship of Administrative Proceeding to Criminal Proceeding**

(a) The determination of the department or administrative law judge:

(1) is a civil matter;

(2) is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal prosecution.

TEX. TRANSP. CODE ANN. § 724.048 (Vernon Pamph.1999).

The plain language of section 724.048 precludes the application of collateral estoppel in a criminal prosecution following a driver's license suspension hearing. To the extent that we must determine legislative intent, as Patrick stresses throughout his brief, that intent is clear.

In *Tharp v. State,* 935 S.W.2d 157 (Tex. Crim.App.1996), the court of criminal appeals again analyzed the double jeopardy implications of a driver's license suspension hearing under article 6687b–1 of the Texas Revised Civil Statutes. The Court concluded that a driver's license suspension is a remedial civil sanction and does not constitute "punishment" for double jeopardy purposes and, consequently does not implicate the protection of the Fifth Amendment's Double Jeopardy Clause. *See Ex parte Broxton,* 888 S.W.2d 23, 25 (Tex.Crim.App.1994); *Lofton v. State,* 777 S.W.2d 96, 97 (Tex.Crim.App.1989). Our comparison of section 724.048 with its pre-

decessor leads us to conclude that analysis by the court of criminal appeals still controls.

Applying the holdings from *Ashe* and *Dedrick*— that the bar to further proceedings that collateral estoppel creates in the criminal context derives exclusively from the double jeopardy protections afforded by the state and federal constitutions—to that of *Tharp*—that driver's license revocation proceedings do not implicate double jeopardy, we conclude the doctrine of collateral estoppel does not preclude the relitigation of findings made at an administrative license revocation hearing.

Recently, several other courts have reached the same conclusion. *See Ex parte Gregerman*, 974 S.W.2d 800, 803 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Todd v. State*, 956 S.W.2d 777 (Tex. App.—Waco 1997, pet. ref'd) (collateral estoppel is a subset of double jeopardy and does not apply unless claimant previously placed in jeopardy). Justice Vance, writing for the Waco court in *Todd*, credits Justice Quinn of Amarillo with the observation: "If collateral estoppel (in the criminal setting) is a subset of the larger Double Jeopardy Clause, how can collateral estoppel apply when the Double Jeopardy Clause does not?" *Id.* at 780 (quoting *State v. Smiley*, 943 S.W.2d 156, 156 (Tex. App.—Amarillo 1997, no pet.)). Exactly so. Because Patrick was not placed in jeopardy at the earlier administrative hearing, he may be tried for DWI.

■ Patrick also challenges the constitutionality of the transportation code provision as violative of the Texas Constitution's Separation of Powers Clause found at Article 2, section 1. This issue was addressed in *State v. Montgomery*, 957 S.W.2d 581 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd). The Houston court noted the Supreme Court analysis of a similar issue in *Astoria Federal Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991), in which the Court observed: "Courts do not, of course, have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand. In this context, the question is not whether administrative estoppel is wise but whether it is intended by the legislature." *Montgomery*, 957 S.W.2d at 583 (quoting *Solimino*, 501 U.S. at 109, 111 S.Ct. 2166). Holding section 724.048 made legislative intent amply clear and did not impermissibly redefine the doctrine of collateral estoppel, the *Montgomery* court concluded the statute did not violate the Texas Constitution's Separation of Powers provision. *Id.* We agree with this conclusion.

We hold transportation code section 724.048 does not violate the Texas Constitution's Separation of Powers or Double Jeopardy Clauses and, consequently, the doctrine of collateral estoppel does not bar relitigation of issues decided at an administrative license revocation hearing in a subsequent criminal prosecution. The trial court abused its discretion in granting Patrick's motion for writ of habeas corpus.

The State's point of error is sustained and the judgment is REVERSED and REMANDED.