NUMBER
13-01-456-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

                          EX PARTE: 
JOSE LUIS CHAVEZ, JR.



___________________________________________________________________

 

                         On
appeal from the 92nd District Court

                                  of
Hidalgo County, Texas.

__________________________________________________________________

 

                          MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez



 

Appellant, Jose Luis Chavez, brings this appeal following the
trial court=s denial of his
writ of habeas corpus challenging extradition.  By one issue, appellant contends the trial
court erred in denying the writ of habeas corpus.  We affirm.








As this is a memorandum opinion not designated for publication, and
the parties are familiar with the facts, we will not recite them here.  See Tex.
R. App. P. 47.1, 47.2.

I.  Standard

A trial court=s determination
whether to grant or deny a writ of habeas corpus is reviewed under an abuse of
discretion standard.  State v. Cabrera,
24 S.W.3d 528, 529 (Tex. App.BCorpus Christi
2000, pet. ref=d); State v.
Patrick, 990 S.W.2d 450, 451 (Tex. App.BCorpus Christi 1999, no pet.).  The evidence demonstrates a clear abuse of
discretion where the record indicates the trial court acted without reference
to any guiding principles or rules, such that its decision is arbitrary or
unreasonable.  Patrick, 990 S.W.2d
at 451.

II.  Analysis

By one issue, appellant contends the trial court erred in
denying his writ of habeas corpus challenging extradition.   








A court considering whether to grant or deny a petitioner=s writ of
habeas corpus challenging extradition can only decide: (1) whether the
extradition documents on their face are in order; (2) whether the petitioner
has been charged with a crime in the demanding state; (3) whether the
petitioner is the person named in the request for extradition; and (4) whether
the petitioner is a fugitive.  Michigan
v. Doran, 439 U.S. 282, 289 (1978); State ex rel. Holmes v. Klevenhagen,
819 S.W.2d 539, 543 (Tex. Crim. App. 1991). 
It is well settled that a Governor=s warrant
regular on its face is sufficient to make a prima facie case authorizing
extradition.  Ex parte Moore, 436
S.W.2d 901, 902 (Tex. Crim. App. 1968); Ex parte Rodriguez, 943 S.W.2d
97, 99 (Tex. App.BCorpus Christi
1997, no pet.).  After the warrant is
introduced, the burden shifts to the party contesting extradition to rebut the
prima facie case.  See Ex parte
Scarbrough, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980).

In this instance, the State introduced the Governor=s warrant into
evidence.  The trial court admitted the
warrant without objection by appellant. 
The warrant appears regular on its face, therefore, the State made out
its prima facie case for extradition.  See
Ex parte Jackson, 575 S.W.2d 570, 570 (Tex. Crim. App. 1979).  Appellant argues, however, that the prima
facie case was rebutted because: (1) the photographs in the warrant package
were not sufficient to depict him as the person sought by the state of Indiana;
and (2) the documents in the warrant package were not in compliance with
article 51.13 of the code of criminal procedure.  See Tex.
Code Crim. Proc. Ann.  art. 51.13,
' 23 (Vernon
1979 & Supp. 2003).

A.  Photographs








Appellant first argues the two photographs[1]
of the person sought by the State of Indiana do not Aappear to be
the likeness of the same individual.@  However, at the hearing, appellant only
pointed out to the trial judge that Athere=s two pictures
with [appellant] within that packet that you have before you.  They have two different addresses, same name,
though, judge.@  Appellant did not add any additional argument
regarding the photographs.  Moreover,
appellant never challenged the validity of the photographs, or placed the issue
of identity in issue.  Cf. Ex
parte Nelson, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979) (when identity is
placed in issue, burden shifts to State to show person held in custody for
extradition is same person named in Governor=s warrant).  Thus, this claim has no merit.

B.  Documents

Appellant also argues that the Governor=s warrant
package contained documents that did not comply with article 51.13 of the code
of criminal procedure.  See Tex. Code Crim. Proc. Ann. art. 51.13, ' 23.  Specifically, appellant argues the
application for requisition did not include any information of the times and
places where the alleged crimes in Indiana took place, and two certified copies
of the indictment[2]
were not included in the application.  See
id. ' 23(1) &
(3).








These claims have no merit. 
Upon review of the application for requisition, it is clear that the
State of Indiana included two certified copies of separate informations for
each count with which appellant was being charged.  Moreover, the times and locations of the
alleged criminal activities are contained in the separate informations.  Thus, we conclude appellant did not rebut the
State=s prima facie
case that extradition was authorized.  See Ex parte Scarbrough, 604 S.W.2d at
174; see also State ex rel. Holmes, 819 S.W.2d at 542.  The trial court did not abuse its discretion
in denying appellant=s extradition
writ of habeas corpus.  See Cabrera,
24 S.W.3d at 529.  Appellant=s sole issue is
overruled.

Accordingly, the
trial court=s judgment is affirmed.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Opinion delivered and
filed

this 9th day of
January, 2003.

 











[1]The
two photographs in question are from two separate Texas driver=s
licenses.





[2]We
note that appellant was served by information, rather than by indictment.