**DISSENT and Opinion Filed August 26, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01398-CR**
**No. 05-19-01399-CR**
**No. 05-19-01485-CR**

**DONNELL SLEDGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-56048, F17-56046, F17-56047**

## DISSENTING OPINION FROM DENIAL OF

## EN BANC CONSIDERATION

Opinion by Chief Justice Burns[1]

These three cases were tried to a jury in July of 2018. The jury convicted

appellant of the charged offenses but found the deadly weapon and prior conviction

allegations to be "not true." Punishment was assessed by the jury at eleven years'

imprisonment. A week after the jury's verdict, an "unopposed" motion for new trial

by appellant was granted. Appellant filed notices of appeal and this Court, in cause

numbers 05-19-0085-CR, 05-19-0086-CR, and 05-19-0087-CR, dismissed the

---

[1] Chief Justice Burns requested en banc consideration of this case, but the request was denied by a majority of the Court.

appeals. That panel opinion noted, "If a trial court grants a motion for new trial, it restores the case to its position before the former trial. *See* TEX. R. APP. P. 21.9." Following a second trial, a jury again found appellant guilty of the three underlying offenses, found the deadly weapon allegation "true," and sentenced him to 28 years' imprisonment.

The panel opinion as it now stands concludes appellant received ineffective assistance of counsel. Specifically, the opinion concludes counsel was ineffective in failing to object to the State's enhancement allegations at the second trial on the basis that the doctrine of collateral estoppel or issue preclusion barred these enhancements because the jury from appellant's first trial found the allegations "not true." While offering no opinion as to the wisdom or propriety of expanding collateral estoppel rules in this situation, I feel compelled to write separately about the finding of ineffective assistance of counsel.[2]

---

[2] An order granting a motion for new trial restores a case to its position before the former trial, and there is no longer a judgment in place. *See* TEX. R. APP. P. 21.9(b). Once the judgment in this case was set aside by the granting of the motion for new trial, the case was returned to a position where there was no finding of guilt. *Brown v. State*, No. 05-08-01137-CR, 2010 WL 255959, at *2 (Tex. App.—Dallas Jan. 25, 2010, no pet.).

The opinion in this case in its current form relies heavily on *Rollerson v. State* for the proposition that, under the collateral-estoppel component of double jeopardy, the government may not litigate a specific elemental fact to a competent factfinder, receive an adverse finding, learn from its mistakes, hone its prosecutorial performance, and relitigate that same question of fact. *Rollerson v. State*, 227 S.W.3d 718, 730 (Tex. Crim. App. 2007). However, in *Rollerson*, appellant was convicted of seven felonies related to three burglaries. *Id.* at 721. The court of appeals affirmed four of the felony convictions and reversed the other three for factual insufficiency. *Id.* The court of appeals also found the evidence legally insufficient to support any of the deadly-weapon findings, deleted those findings from the four convictions it affirmed, and declared that the State could not seek a deadly-weapon finding on any of the reversed counts it retried. *Id.* Thus, *Rollerson* addressed the collateral estoppel issue in the context of appellant's convictions and determinations made by the court of appeals; *Rollerson* offers no guidance in the situation in this case where

To defeat the presumption of reasonable representation, an allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). We will not speculate to find defense counsel ineffective. *Rubio v. State*, 596 S.W.3d 410, 426 (Tex. App.—Dallas 2020), pet. granted). A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Thus, if the record does not contain

the trial court granted a motion for new trial and the case was restored to its position before the former trial. *See id.*; TEX. R. APP. P. 21.9(b).

The protection of the Double Jeopardy clause applies only if there has been some event, such as an acquittal, that terminates the original jeopardy. *State v. Vanderbilt*, 973 S.W.2d 460, 462 (Tex. App.—Beaumont 1998, pet. ref'd); *see Richardson v. United States*, 468 U.S. 317, 325 (1984). There are only three possible jeopardy-terminating events: (1) an acquittal; (2) a trial court determination of insufficiency of the evidence leading to a directed verdict of acquittal; and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction. *Vanderbilt*, 973 S.W.2d at 462.

When a motion for new trial was granted at the defendant's request, and the basis was other than insufficient evidence, double jeopardy considerations do not bar a new trial. *Ex parte Queen*, 833 S.W.2d 207, 208 (Tex. App.—Houston [1st Dist.] 1992), aff'd, 877 S.W.2d 752 (Tex. Crim. App. 1994). This is because, after a new trial has been granted on grounds other than insufficient evidence, the "[a]ppellant has not gained an acquittal or suffered a final conviction" and "[n]either has he been faced with multiple punishments for the offense with which he is charged." *Id.* at 208. "Thus, appellant is not exposed to double jeopardy in the present case" because, instead, "he is in the same position as if the first trial had not occurred." *Id.* (citing *Lofton v. State*, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989) ) (by granting motion for new trial, trial court restores case to position before earlier trial, and "initial jeopardy continues").

The doctrine of collateral estoppel emanating from the state and federal constitutional double jeopardy protections is not implicated in cases where double jeopardy is not applicable. *Ex parte Gregerman*, 974 S.W.2d 800, 803 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see State v. Smiley*, 943 S.W.2d 156, 158 (Tex. App.—Amarillo 1997, no pet.) (collateral estoppel is subset of double jeopardy and has no application unless claimant previously placed in jeopardy); *Nichols v. Scott*, 69 F.3d 1255, 1269–70 (5th Cir.1995), cert. denied, 518 U.S. 1022 (1996) (no due process basis, independent of the Double Jeopardy Clause, for the application of collateral estoppel); *Showery v. Samaniego*, 814 F.2d 200, 203 (5th Cir.1987) (collateral estoppel applies insofar as it is necessary to safeguard against the risk of double jeopardy). Because double jeopardy protections were not implicated in this case, collateral estoppel rules are irrelevant to the Court's ineffective assistance of counsel analysis.

affirmative evidence of trial counsel's reasoning or strategy, we normally presume counsel's performance was not deficient. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander*, 101 S.W.3d at 111.

For these reasons, the record on direct appeal frequently is insufficiently developed to support a claim of ineffective assistance of counsel. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). An ineffective assistance of counsel claim may be raised without the necessity of a motion for new trial. *Id.* at 809–13; *Rubio*, 596 S.W.3d at 422. However, the best way to make a sufficient record to support such a claim is by a hearing on an application for writ of habeas corpus or, alternatively, a hearing on a motion for new trial. *See Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999). Only when "counsel's ineffectiveness is so apparent from the record" will an appellant asserting an ineffective assistance of counsel claim prevail on direct appeal. *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003).

Even when there has been an acquittal, a silent record may not support a finding of ineffective assistance of counsel. *See Broadus v. State*, No. 09-19-00438-CR, 2021 WL 1395565, at *5 (Tex. App.—Beaumont Apr. 14, 2021, pet. ref'd) (mem. op., not designated for publication). In *Broadus*, appellant was initially charged with the murder of "Joseph." *Id.* at *3. The evidence showed Joseph was

–4–

shot while driving his vehicle and, after being shot, crossed over to the wrong side of the road, hitting a vehicle driven by "Pauline." *Id.* at *1. Appellant was acquitted of the murder of Joseph but was thereafter convicted by a jury of the aggravated assault of Pauline. *Id.* at *1–3. On appeal, appellant argued his prosecution should have been barred by collateral estoppel due to his acquittal for the murder of Joseph or, if that argument was waived by his counsel's failure to object, then his counsel's failure to object constituted ineffective assistance of counsel. *Id.* at *3–5. The court determined that, because appellant did not raise a double jeopardy claim at trial, it was his burden on appeal to prove that the undisputed facts showed a double jeopardy violation clearly apparent on the face of the record. *Id.* at *4. The court concluded a double jeopardy violation was not clearly apparent on the face of the record and that the record was silent on trial counsel's reasons for not raising a double jeopardy or collateral estoppel challenge either in a pretrial motion or during the trial. *Id.* at *5. As the court noted, without testimony from trial counsel, the court must presume counsel had a plausible reason for his actions. *Id.* (citing *Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

In this case, concluding trial counsel was ineffective in the absence of any record at all that explains trial counsel's reasons for defending the case in the manner she did seems to be a significant error by my esteemed colleagues. There could be a number of reasons why defense counsel did not raise the issue of collateral estoppel in retrial. For one, she would have had no way to peer into the future and know or

guess that a panel of our Court was willing to expand the law surrounding motions for new trial.

Furthermore, it is necessary to point out that the record is silent as to the reasons the trial court granted the motion. It does appear that the State did not contest the granting of the motion for new trial. There was no reporter's record made when the motion was granted by the court below. Trial counsel for appellant may have secured the agreement of the assistant district attorney representing the State to not contest the motion for new trial if she did not raise a collateral estoppel claim on retrial. Or, trial counsel may have also agreed not to waive collateral estoppel regarding the enhancement paragraphs because the State gave notice of appellant's numerous prior felony convictions. While it is impossible to discern from the record, there are discussions by the attorneys prior to and during voir dire that do suggest that both sides agreed that, at least for the purposes of voir dire, the jury panel needed to be qualified on a range of punishment that included a finding of two final felony convictions. On this silent record, I would conclude appellant has not overcome the strong presumption he received reasonable assistance of counsel. *See Rylander*, 101 S.W.3d at 110–11.

For the reasons discussed above, I dissent from the refusal to consider this case en banc.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Publish
TEX. R. APP. P. 47.2(b)

191398df.p05

Goldstein, J., joins.