The STATE of Texas, Appellant,

v.

Gerardo P. CABRERA, Appellee.

No. 13–99–594–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 2000.

Rehearing Overruled Aug. 17, 2000.

## OPINION

NELDA V. RODRIGUEZ, Justice.

Appellant, the State of Texas, appeals from the trial court's granting of habeas corpus relief. By two points of error, the State contends the trial court erred (1) in concluding the prosecutor was reckless in causing a mistrial, and (2) by following the recklessness prosecutorial misconduct standard in *Bauder v. State*, 921 S.W.2d 696 (Tex.Crim.App.1996), rather than the federal intentional standard. We affirm.

Appellee, Gerardo P. Cabrera, was charged with five counts of aggravated sexual assault of a child.[1] During its opening statement at trial, the State indicated the jury would hear from a child protective services case worker that her investigation "validated" that sexual abuse occurred. The case worker and a second witness then testified as to their opinions regarding the truthfulness of the child victim. The trial court granted a mistrial based on the prejudicial cumulative effect of the reference to validation that the abuse occurred and the testimony of the two witnesses. Appellee then filed, and the trial court granted, his application and petition for writ of habeas corpus wherein appellee contended further prosecution was jeopardy barred under the Texas and United States Constitutions.

 In a habeas corpus hearing, the burden of proof is on the petitioner. *See Ex parte Zavala*, 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.) (citing *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim.App.1980)). In reviewing the decision of the trial court, we review the facts in the light most favorable to the ruling and will uphold it absent an abuse of discretion. *See Zavala*, 900 S.W.2d at 870 (citing *Galvan v. State*, 869 S.W.2d 526, 528 (Tex.App.—Corpus Christi 1993, pet. ref'd)). Additionally, a mistrial is an extreme remedy appropriate only when the objectionable events are so emotionally inflammatory that curative instructions are

Rolando Garza, Asst. Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for the State.

Israel Ramon, Jr., Law Offices of Israel Ramon, Jr., Jeanne E. Holmes, McAllen, for Appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

1. *See* TEX. PEN.CODE § 22.021 (Vernon Supp. 2000).

not likely to prevent the jury from being unfairly prejudiced against the defendant. *See Cano v. State,* 3 S.W.3d 99, 109 (Tex. App.—Corpus Christi 1999, pet. ref'd) (citing *Bauder,* 921 S.W.2d at 698). The law favors that the trial continue, if possible. *See id.* Grant or denial of a motion for mistrial is also reviewed under an abuse of discretion standard. *See Cano,* 3 S.W.3d at 109.

■ Under the Texas Constitution, a successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, not only when the objectionable conduct of the State was intended to induce a motion for mistrial, but also when the State was aware of, but consciously disregarded, the risk that an objectionable event for which it was responsible would require a mistrial at the defendant's request. *See Bauder,* 921 S.W.2d at 699; *see also* TEX. CONST., art. I, § 14.

> If the circumstances prompting the mistrial were attributable to a prosecutor's using "manifestly improper methods ... deliberately or recklessly" which "render trial before the jury unfair to such a degree that no judicial admonishment can cure it, an ensuing motion for mistrial by the defendant cannot fairly be described as the result of his free election."

*Ex parte Bauder,* 974 S.W.2d 729, 732 (Tex.Crim.App.1998) (quoting *Bauder,* 921 S.W.2d at 700); *see State v. Lee,* 2000 Tex.Crim.App. LEXIS 44, *8, 15 S.W.3d 921, 923 (April 12, 2000) (discussion on when prosecutor's acts are intentional or reckless) (citing *Bauder,* 921 S.W.2d at 699).

■ Further, while we are not bound by the trial court's findings or conclusions, we should follow them where they are supported by the record. *See Ex parte Mi-*

*nott,* 972 S.W.2d 760, 761 (Tex.Crim.App. 1998) (citation omitted); *Ex parte Adams,* 768 S.W.2d 281, 288 (Tex.Crim.App.1989). *See also Guzman v. State,* 955 S.W.2d 85, 87–89 (Tex.Crim.App.1997) (as general rule, appellate courts should afford almost total deference to trial court's determination of historical facts supported by record especially when fact findings are based on evaluation of credibility and demeanor, and to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if resolution of those ultimate questions turns on evaluation of credibility and demeanor).

By its first point of error, the State contends the trial court erred in finding the prosecutor was reckless in causing a mistrial. The State argues that the trial court erred in factoring the event occurring during opening statement and the second event during the testimony of the case worker into a cumulative equation which resulted in a finding that the State used manifestly unjust methods. Further, the State argues it cannot be faulted for the third event that occurred when a witness, who had been privately admonished against rendering an opinion as to the truthfulness of the child victim, did so anyway. We disagree.

■ The conduct about which appellant complains includes the State's comment during its opening statement that a witness would validate the sexual abuse,[2] and its questions that elicited direct opinions from two witnesses, regarding the truthfulness of the child victim. First, during its opening statement to the jury, the State commented, "You will hear from a case worker from child protective services that ... will tell you she in her investigation validated that sexual abuse did occur...." The trail court sustained appellee's objection to this statement, instructed

---

**2.** We assume that a comment made by the prosecutor during opening statement amounts to substantive evidence. *See State v. Lee,* 2000 Tex.Crim.App. LEXIS 44, *6 n. 3, 924 (April 12, 2000) (citing *Griffin v. California,*

380 U.S. 609, 613, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (Supreme Court considered prosecutor's comments in closing arguments and trial court's acquiescence in such comments, to amount to evidence)).

the jury to disregard it, but denied appellee's request for a mistrial. Further, the record reveals that before testimony began the trial court heard motions in limine. Appellee requested that any reference or testimony from any witness as to their opinion as to the truth as to the testimony of the child victim in this case be prohibited. The trial court specifically noted this prohibition, and, without objection, granted it.

Second, during its case in chief, the State called Elsa Reyna, a child protective services worker. She testified as follows:

> Q (State): As a result of your talking with [the alleged victim] about these allegations, what impressions did you have about [the alleged victim], what thoughts?
>
> A (Reyna): My impressions of [the alleged victim] was [sic] that this child was telling me the truth, consistent.

Appellee objected to the response provided by Reyna. The trial court sustained the objection, instructed the jury to disregard any opinions by the witness, but denied appellee's request for a mistrial. After the jury left for the day, the trial court discussed with counsel the issue of asking questions that would invite opinions as to the credibility of a witness. The prosecutor explained he was asking the witness the result of her investigation. Nonetheless, the court concluded it was clear "the prosecutor asked a question that would invite Elsa Reyna to give an opinion as to the credibility of a witness...." The trial court again denied appellee's motion for mistrial, but stated it would revisit the issue later, if necessary.

Finally, the State called Dr. Ivan Melendez. At the request of the State, the trial court conducted a hearing outside the jury's presence in which Dr. Melendez was cautioned not to render opinions on credibility of the child witness he had examined. Notwithstanding the admonishment, the State asked the following question and Dr. Melendez responded:

> Q (State): Okay, Now, if you put all of these factors together that you just described to the jury, without testifying as to your specific opinion as to the truthfulness of any witness, what does all that tell you as a practitioner?
>
> A (Melendez): Well, the way that the patient presented herself, her general demeanor, coupled—which I found to be consistent, coupled with a physical examination which in itself was not specific for the question asked, but when coupled with the history and the findings not typical for a twelve year old, at the time of my exam, I believed the patient.

The trial court sustained appellee's objection, instructed the jury to disregard the opinion, and again denied appellee's motion for mistrial. However, after the jury was excused for a recess, the trial court revisited the matter and granted a mistrial. The trial court entered extensive findings of fact and conclusions of law.

The law is clear that the evidence regarding the truthfulness of the child victim is inadmissible. *See* TEX.R. EVID. 702 (expert witness may testify if her scientific, technical, or other specialized knowledge will assist jury in determining fact issue); TEX.R. EVID. 702 (expert witness's testimony must aid the jury and not supplant its determination); *Schutz v. State*, 957 S.W.2d 52, 59 (Tex.Crim.App.1997) (expert witness testimony concerning child sexual abuse does not aid jury when it constitutes a direct opinion on child victim's truthfulness and, in essence, decides an ultimate fact issue for jury). *Cf. State v. Lee*, 2000 Tex.Crim.App. LEXIS at *9, *12, at 926 (because law is unsettled regarding pre-arrest and pre-Miranda silence, prosecutor's comments on defendant's pre-arrest silence could not rise to level of "deliberate or reckless" misconduct, and may not even have been erroneous).

Following the court of criminal appeals' guidance in *Lee*, we therefore first conclude that because the law is settled in this area in that evidence regarding the

truthfulness of the child victim is inadmissible, the State's conduct in commenting on or eliciting such testimony was improper. We must next determine whether the State intended to induce a motion for mistrial or was aware of, but consciously disregarded, the risk that its improper conduct would prompt a motion for mistrial by the defendant. *See Bauder,* 921 S.W.2d at 699.

Appellee objected when, during its opening statement, the State promised to produce a caseworker who would "validate" the child's claims. The trial court further instructed the State not to interject anything to support the child's alleged truthfulness. Additionally, the trial court and counsel discussed and then granted appellee's motion in limine including his requested prohibition against opinions as to the truthfulness of the child victim. Nonetheless, on two occasions during its case in chief, the State asked questions that elicited such testimony. The State's open-ended question asked Reyna to provide an impression and was an invitation for her to give an opinion as to the credibility of the child witness. The prosecutor acknowledged he could have asked a narrower question. Further, although admonished by the trial court and cautioned by the State not to give an opinion as to the truthfulness of any witness, Dr. Melendez responded to the prosecutor's open-ended question by testifying that he believed the patient. After appellee challenged the State's opening statement, and after the court discussed with counsel the prohibition against opinion testimony regarding the truthfulness of the child victim in this case, the State asked two witnesses open-ended questions about their impressions or opinions regarding the child. Testimony regarding opinions related to the truthfulness of the child victim was elicited.

Concluding the record supports the trial court's findings of fact and conclusions of law, and viewing the evidence in the record in the light most favorable to the trial court's ruling, the State was aware of, but consciously disregarded, a risk that the objectionable events could require a mistrial if requested by appellee. While a mistrial is an extreme remedy, the trial court's curative instructions, in this case, were not likely to prevent the jury from being unfairly prejudiced against the defendant. The complained of instances gave the harmful impression that the child victim was telling the truth. We conclude, therefore, that the cumulative effect of the references to the truthfulness of the child victim caused the degree of incurable prejudice that would justify a mistrial, and conclude the trial court did not abuse its discretion in granting a mistrial. Additionally, we conclude the trial court did not abuse its discretion in holding double jeopardy barred a retrial of this case because of prosecutorial misconduct. The State's first point of error is overruled.

■■ By its second point, the State contends the trial court erred in following the recklessness standard set out in *Bauder,* and should have, instead, followed the federal intentional standard of *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (federal constitution double jeopardy clause bars retrial only when mistrial results from intentional prosecutorial misconduct). We disagree. Recently, in *Lee v. State,* the court of criminal appeals had the opportunity to overrule *Bauder,* but chose not to do so. *See Lee,* 2000 Tex.Crim.App. LEXIS 44, at *2 n. 1, at 922. Therefore, until, and unless, the court of criminal appeals reverses *Bauder,* it is clearly the law in this state and should be followed. The State's second point of error is overruled.

Accordingly, the trial court's granting of the writ is AFFIRMED.