NUMBER 13-01-370-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


EX PARTE: FRANCISCO CADENA

___________________________________________________________________

On appeal from the 139th District Court

of Hidalgo County, Texas.

_________________________________________________________________


O P I N I O N

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


This is an accelerated appeal from the trial court's denial of appellant Francisco Cadena's (Cadena) application for writ of
habeas corpus. In two points of error, Cadena generally contends that his plea of guilty was not voluntarily or knowingly
made and he was denied effective assistance of counsel. We affirm.

Cadena was indicted on two counts of sexual assault and aggravated kidnapping. Pursuant to a plea bargain, Cadena
entered a plea of guilty to one count of sexual assault and was sentenced to ten years probation and a fine of $2,000.00. (1)
After filing an original and an amended application for writ of habeas corpus, Cadena filed a second amended application
for writ of habeas corpus alleging that: (1) his court appointed attorney wanted $20,000.00; (2) his attorney failed to
investigate or seek exculpatory evidence; (3) his attorney told him that he was presumed guilty; (4) he only saw his attorney
on two occasions; and (5) he signed the plea and admonishment papers without knowing the content because they were
written in English. After a hearing, the trial court denied Cadena's application for writ of habeas corpus and this appeal
ensued.

In a habeas corpus hearing, the burden of proof is on the petitioner. State v. Cabrera, 24 S.W.3d 528, 529 (Tex.
App.-Corpus Christi 2000, pet. ref'd). We review a trial court's decision in the light most favorable to the ruling and will
uphold it absent an abuse of discretion. Id.; State v. Patrick, 990 S.W.2d 450, 451 (Tex. App.-Corpus Christi 1999, no
pet.). The evidence demonstrates a clear abuse of discretion where the record indicates the trial court acted without
reference to any guiding principles or rules, such that its decision is arbitrary or unreasonable. Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990). 

In his first point of error, Cadena contends the court erred in denying his application for writ of habeas corpus because his
plea of guilty was not voluntarily, knowingly, or intentionally made. Specifically, he alleges the plea was involuntary
because of erroneous advice and misleading statements by counsel, pursuant to article 26.13(b) of the Texas Code of
Criminal Procedure. Article 26.13(b) states "no plea of guilty or plea of nolo contendere shall be accepted by the court
unless it appears that . . . the plea is free and voluntary." Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989 & Supp.
2001). Voluntariness of a guilty plea is determined by the totality of circumstances. Munoz v. State, 840 S.W.2d 69, 74
(Tex. App.-Corpus Christi 1992, pet. ref'd). The validity of a guilty plea based on counsel's advice depends on whether
counsel's performance was reasonably competent, rendering effective representation to a defendant during particular
proceedings. See Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). When the record reflects the trial court
properly admonished the defendant on the consequences of his plea, there is a prima facie showing that the defendant
entered a knowing and voluntary plea. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Dorsey v. State, 55
S.W.3d 227, 235 (Tex. App.-Corpus Christi 2001, no pet.). The burden then shifts to the defendant to demonstrate that he
did not fully understand the consequences of his plea and, consequently, suffered harm. See Martinez, 981 S.W.2d at 197.

From the record, we conclude that appellant was properly admonished by the trial court. Cadena, his trial counsel, and the
trial judge signed a written plea admonishment pursuant to article 26.13 of the code of criminal procedure. (2) Further,
Cadena, his trial counsel, the State's counsel, and the trial judge signed the Waiver of Rights/Plea of Guilty form where it
stated that Cadena's plea was freely and voluntarily given and that Cadena was totally satisfied with his attorney's
representation. Prior to accepting Cadena's plea, the trial court orally admonished Cadena and made sure that Cadena
understood the consequences of pleading guilty, including the possibility of deportation.

Because the evidence in the record is sufficient for a prima facie showing that Cadena's plea was entered knowingly and
voluntarily, Cadena has the burden to show that he entered his plea without understanding the consequences. See Martinez,
981 S.W.2d at 197. Cadena's complaint regarding his involuntary plea included contentions that: (1) his attorney demanded
$20,000.00 to fight hard for him; (2) his attorney told him that he should plead guilty and go to prison; (3) he only saw his
attorney twice and signed papers without knowing what he was signing; (4) his attorney told him to plead guilty; (5) he was
under the impression that the victim and her mother would be present in the court; (6) he pled guilty because he was scared
and never had any kind of trouble before, and his attorney gave him the option of probation; and (7) he was not guilty. 
However, the only support for Cadena's contention is his own testimony. See Fimberg v. State, 922 S.W.2d 205, 208 (Tex.
App.-Houston [1st Dist.] 1996, pet. ref'd) (a defendant's assertion that he was misinformed by counsel, standing alone, is
not enough to hold his plea was involuntary). At the habeas proceeding, Cadena's counsel testified he never demanded
money, he was surprised that Cadena wanted to accept the plea bargain because Cadena had maintained his innocence, and
he explained to Cadena, in Spanish, the process and consequences of pleading guilty. Cadena has failed to show that his
trial counsel did not render reasonably competent, effective assistance to coerce him into entering an involuntary plea. See
Ex parte Battle, 817 S.W.2d at 83. Because we review the evidence in the light most favorable to the trial court's ruling,
see Cabrera, 24 S.W.3d at 529, we find Cadena did not meet his burden to show he did not fully understand the
consequences of his plea and suffered harm as a result. See Martinez, 981 S.W.2d at 197. Accordingly, we overrule
Cadena's first point of error.

In his second point of error, Cadena contends he was denied effective assistance of counsel at the time of his initial plea
and, as a result, the trial court erred in denying his application for writ of habeas corpus. The United States Supreme Court
and the Texas Court of Criminal Appeals have promulgated a two-prong test to determine whether representation was so
inadequate that it violated a defendant's constitutional right to counsel. See, e.g., Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986) (adopting Strickland as applicable standard
under Texas Constitution). To establish ineffective assistance of counsel, appellant must show: (1) his attorney's
representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his
attorney's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687; Dorsey, 55 S.W.3d at
237. This two-prong standard applies to challenges to guilty pleas. See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

An allegation of ineffective assistance of counsel will only be sustained if it is firmly founded and the record affirmatively
demonstrates counsel's alleged ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.-Corpus Christi 1996, no
pet.). In assessing a claim of ineffective assistance of counsel, there is a strong presumption that counsel's conduct fell
within the wide range of reasonable professional assistance. Garcia v. State, No. 73,804, 2001 Tex. Crim. App. LEXIS 75,
*8 (Tex. Crim. App. Oct. 3, 2001). Also, in the absence of evidence of counsel's reasons for the challenged conduct, an
appellate court will assume a strategic motivation and will not conclude that the conduct was deficient unless the conduct
was so outrageous that no competent attorney would have engaged in it. See id. at *8-*9; Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999).

To satisfy the second prong of the test enunciated in Strickland, Cadena must show that there is a reasonable probability
that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Ex parte
Morrow, 952 S.W.2d at 536; Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). The burden of proving
ineffective assistance of counsel is on appellant by a preponderance of the evidence. Munoz v. State, 24 S.W.3d 427, 434
(Tex. App.-Corpus Christi 2000, no pet.); Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus Christi 2000, pet. ref'd). 

Cadena contends his trial attorney failed to properly investigate the facts of his case. Trial counsel should make an
independent investigation of the facts of his client's case, see Ex parte Ewing, 570 S.W.2d 941, 947 (Tex. Crim. App.
1978), and failure to do so may render ineffective assistance of counsel. See Butler v. State, 716 S.W.2d 48, 54-55 (Tex.
Crim. App. 1986). According to Cadena, by failing to investigate, his attorney was unable to make a professional
recommendation for Cadena to accept or reject the State's plea bargain offer. Appellant cites us to Ex parte Lilly, 656
S.W.2d 490 (Tex. Crim. App. 1983), where the defendant was granted habeas corpus relief because of his counsel's failure
to conduct an independent investigation in preparation for trial. Id. at 493-94. In Lilly, the court noted that counsel spent
only a few minutes preparing for trial, announced that he was not ready to proceed, was totally unfamiliar with the most
basic facts of the case, had done no investigation or preparation for trial, and had not reviewed the State's file in the case. 
Id. at 493. The facts in Lilly are distinguishable from this case.

Here, Cadena alleges his attorney should have interviewed the victim and Cadena's girlfriend, who was a probable witness
for the State, because the victim and Cadena's girlfriend tried to have the charges against Cadena dropped and claimed that
the charges were false. Cadena states in his brief that he told his attorney about the victim's desire to drop the charges. 
However, Cadena's attorney testified he was aware of Cadena's contention that the victim was lying, but that he was never
made aware by Cadena, or the State, that the victim wanted to drop the charges. There is no evidence that his trial strategy
would have changed by interviewing the victim or Cadena's girlfriend because, as he was aware the victim may have been
lying, he had an available defense. Further, Cadena's attorney testified that, in preparation for the trial, he reviewed the
State's files, he spoke with the State's counsel, and he was familiar with the statements of the witnesses. Therefore, we do
not believe that the failure to physically interview the victim and the State's witness rose to the level of constitutional
ineffectiveness.

Cadena also alleges his attorney was not willing to go to trial even though Cadena maintained his innocence. However,
Cadena failed to cite to any place in the record containing evidence to support this allegation. Cadena's attorney testified he
expected the case to go to trial and was surprised when Cadena wanted to accept the plea bargain. He also testified that
Cadena "jumped for joy" when he was told of the plea bargain. Further, Cadena's attorney filed a number of pre-trial
motions in preparation for trial.

Cadena next alleges his attorney failed to go over all of the essential elements of sexual assault. However, Cadena's
attorney testified that he not only explained the elements of sexual assault, but he also explained, in Spanish, all of Cadena's
options with regard to a plea bargain or going to trial. 

Cadena has failed to satisfy the two prongs of Strickland. See Strickland, 466 U.S. at 687. We therefore overrule Cadena's
second point of error.

The trial court did not abuse its discretion in denying Cadena's habeas corpus application. Accordingly, the trial court's
order is affirmed.

 

NELDA V. RODRIGUEZ

Justice



Concurring Opinion by Justice Dorsey, joined by Justice Yañez.



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of January, 2002.

 

1. The aggravated kidnapping charge was unadjudicated.

2. Article 26.13 requires a trial court to admonish a defendant of the consequences of his guilty plea before accepting it. 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001).