NUMBER
13-00-765-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                           CORPUS
CHRISTI

___________________________________________________________________

 

ROCKEY LEE LOPEZ,                                                Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 24th District Court

                           of
De Witt County, Texas.

__________________________________________________________________

 

                              O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 

Appellant, Rockey Lee Lopez (Lopez),
brings this appeal following a conviction for aggravated robbery.  By two issues, Lopez generally contends (1)
the trial court erred in denying his motion for mistrial, and (2) he was denied
effective assistance of counsel.  We
affirm.








Lopez was indicted by a grand jury for aggravated robbery of a
Sonic Drive-In restaurant in Yoakum, Texas. 
During the jury trial, Lopez admitted to the robbery. However, Lopez
denied he pointed, or attempted to fire, a shotgun at an employee at the
restaurant.  Lopez was found guilty of
aggravated robbery.

During the punishment phase of the trial, Lopez=s attorney
informed the court that, during a lunch recess, a juror was seen sitting at a
local restaurant with several witnesses who testified during the case-in chief.[1]  Lopez moved for a mistrial based on the juror=s alleged
misconduct.  The court denied the motion.  After the jury retired to deliberate, a
hearing was held on Lopez=s bill of
exceptions.  Following testimony from the
case witnesses, the trial court again denied Lopez=s motion for
mistrial.  The jury sentenced Lopez to
seventy-five years imprisonment.

I.  Motion for Mistrial

By his first issue, Lopez contends the evidence presented at
the bill of exceptions hearing was insufficient to support the trial court=s denial of his
motion for mistrial.








In reviewing the denial of a motion for mistrial, an abuse of
discretion standard is applied.  See Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994); Cano v. State, 3 S.W.3d 99, 109
(Tex. App.BCorpus Christi
1999, pet. ref=d).  We review the facts in the light most
favorable to the ruling and will uphold the ruling absent an abuse of discretion.  State v. Cabrera, 24 S.W.3d 528, 529
(Tex. App.BCorpus Christi
2000, pet. ref=d).

A juror is not permitted to converse with a person about the
case on trial except in the presence, and with the permission, of the trial
court.  Tex.
Code Crim. Proc. Ann. art. 36.22 (Vernon 1981).  Lopez correctly argues that the rule against
jurors conversing with unauthorized persons about a case is so strong that
injury to the accused is presumed.  Thomas
v. State, 699 S.W.2d 845, 853 (Tex. Crim. App.
1985); Gates v. State, 24 S.W.3d 439, 442-43 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d) (citing Alba
v. State, 905 S.W.2d 581, 587 (Tex. Crim. App.
1995)). However, the presumption is rebuttable.  McMahon v. State, 582 S.W.2d 786, 793
(Tex. Crim. App. 1978); Gates, 24 S.W.3d at
443.  If it is shown that the case was
not discussed, or that nothing prejudicial to the accused was said, the verdict
will be upheld. Id.








In this case, during the bill of exceptions hearing, two
witnesses testified they saw the juror sitting at a table with the case
witnesses.  They also testified they
observed the juror conversing with the case witnesses, but they were unable to
hear any of the conversation.  Three of
the case witnesses also testified.  One
testified as to where everyone was sitting at the table, and the others
testified that the conversation did not concern the case at bar or Lopez.  Because there is no evidence the conversation
concerned the case or Lopez, the presumption of harm was rebutted.  See Gates, 24 S.W.3d at 443.  The trial court did not abuse its discretion
in denying appellant=s motion for
mistrial.  Accordingly, Lopez=s first issue
is overruled.

II.  Ineffective
Assistance of Counsel  

By his second issue, Lopez contends he was denied effective
assistance of counsel.

The United States Supreme Court and the Texas Court of Criminal
Appeals have promulgated a two-prong test to determine whether representation
was so inadequate that it violated a defendant=s Sixth Amendment right to counsel.  See, e.g., Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d
53, 54-55 (Tex. Crim. App. 1986).  To establish ineffective assistance of counsel,
appellant must show: (1) his attorney=s
representation fell below an objective standard of reasonableness; and (2)
there is a reasonable probability that, but for his attorney=s errors, the
result of the proceeding would have been different.  Strickland, 466 U.S. at 687; Stone
v. State, 17 S.W.3d 348, 350 (Tex. App.BCorpus Christi 2000, pet. ref=d).  Appellant has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence.  Stone, 17 S.W.3d at 350.








An allegation of ineffective assistance of counsel will only be
sustained if it is firmly founded and the record affirmatively demonstrates
counsel=s alleged
ineffectiveness.  Id.; Moreno
v. State, 1 S.W.3d 846, 865 (Tex. App.BCorpus Christi
1999, pet. ref=d).  In assessing a claim of ineffective
assistance of counsel, there is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  Also, in the absence of evidence of counsel=s reasons for
the challenged conduct, an appellate court will assume a strategic motivation
and will not conclude that the conduct was deficient unless the conduct was so
outrageous that no competent attorney would have engaged in it.  See id.; Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999).

Lopez argues his counsel was ineffective because, during the
bill of exceptions hearing, he failed to question the juror about the
conversation he may have had with the case witnesses.  Counsel=s failure to
question the juror, Lopez argues, kept relevant evidence as to the content of
the juror=s conversation
from being presented to the court.








Lopez=s counsel
questioned a total of five witnesses about the incident.  There was no evidence that the conversation
between the juror and the case witnesses concerned Lopez, or the case itself.  There could be any number of reasons why
Lopez=s counsel did
not question the juror involved.  We will
not speculate about the reasons underlying counsel=s decisions.[2]  Perez v. State, 56 S.W.3d 727, 731
(Tex. App.BHouston [14th
Dist.] 2001, pet. ref=d).  Because there is no evidence of Lopez=s counsel=s reasons for
the challenged conduct, we will assume a strategic motivation and will not
conclude that the conduct was deficient. 
See Garcia, 57 S.W.3d at 440;Thompson, 9 S.W.3d at 814.

Therefore, because Lopez failed to prove that his counsel=s
representation fell below an objective standard of reasonableness, we conclude
his representation was not ineffective.  See
Strickland, 466 U.S. at 687.  Lopez=s second issue
is overruled.

Accordingly,
the trial court is affirmed.                                                                            

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 25th day of
April, 2002.

 











[1]The
witnesses with whom the juror was seated included Justice of the Peace Micah
Harmon, Police Chief Ronald Leck, police officer
William Formolo, and two other police officers.  Gary Cooper, a civilian who watched the case
proceedings but did not testify, was also present.





[2]Appellate
counsel for Lopez did not file a motion for new trial and did not attach an
affidavit from Lopez=s trial
counsel.  AWhen
the record is silent as to counsel=s
reasons for his conduct, finding counsel ineffective would call for speculation
by the appellate court.@  Stults v.
State, 23 S.W.3d 198, 208 (Tex. App.BHouston
[14th Dist.] 2000, pet. ref=d).