NUMBER 13-02-508-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


JOSE MARTINEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Rodriguez



Appellant, Jose Martinez, brings this appeal following a conviction for burglary
of a habitation with intent to commit assault. The trial court has certified that this
case "is not a plea-bargain case, and the defendant has the right of appeal." See Tex.
R. App. P. 25.2(a)(2). By four points of error, appellant contends: (1) the evidence
was legally insufficient to support the conviction; (2) the court erred in refusing to
direct a verdict of not guilty; (3) the court erred in refusing to grant a mistrial due to
complainant's outburst; and (4) the punishment assessed by the jury was
unconstitutionally disproportionate to the seriousness of the offense. We affirm.I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See id. rule 47.4.

II. Legal Sufficiency

 By his first point of error, appellant contends the evidence is legally insufficient
to sustain a conviction for burglary of a habitation with the intent to commit assault.

A. Standard of Review

 In reviewing the legal sufficiency of the evidence, we must consider all the
evidence presented in the light most favorable to the jury's verdict and determine
whether any rational trier of fact could have found, beyond a reasonable doubt, the
essential elements of the offense present. See Jackson v. Virginia, 443 U.S. 307,
319 (1979). Because the jury solely judges the weight and credibility of the evidence,
we must review the evidence as already scrutinized and resolve any inconsistencies
in favor of the verdict. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979);
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

B. Analysis

 Section 30.02 of the Texas Penal Code provides that a person commits burglary
by: (1) entering a habitation (2) without the effective consent of the owner, and (3)
with the intent to commit a felony, theft, or assault. Tex. Pen. Code Ann. §
30.02(a)(1) (Vernon 2003). Appellant asserts his conviction should be set aside
because the evidence was insufficient to establish the essential elements of the crime
beyond a reasonable doubt.1. Entering a Habitation

 Appellant contends the evidence was insufficient to positively place him in
complainant's home at the time of the incident. Appellant asserts he was at a nightclub
until midnight, then walked to a grocery store, then to a friend's house, and then to his
sister's house. However, evidence shows appellant left the nightclub around 10:30 p.m.
and that complainant's home was located approximately six blocks away from the
nightclub. See Williams, 911 S.W.2d at 194. The complainant testified appellant arrived
at her home at approximately 11:30 p.m. See id. In addition, complainant's friends
identified appellant as the person they saw walking out of complainant's house. See id.

 Viewing the evidence in the light most favorable to the verdict, a rational jury could
have found that there was adequate opportunity for appellant to walk from the nightclub
to complainant's home in time to commit the offense and that appellant was positively
identified as being in the area both during and shortly after the incident. See Jackson,
443 U.S. at 319; see also Davila v. State, 952 S.W.2d 872, 875 (Tex. App.-Corpus
Christi 1997, pet. ref'd) (allowing jury to determine culpability by considering events
occurring before, during, and after commission of offense).2. Without Effective Consent

 Appellant also asserts complainant invited him to come into her home. "Consent"
means assent in fact, whether express or apparent. Tex. Pen. Code Ann. § 30.02(a)(1)
(Vernon 2003). A lack of consent to enter may be proved by circumstantial evidence. 
Taylor v. State, 508 S.W.2d 393, 397 (Tex. Crim. App. 1974). 

 Complainant testified that, when she answered the door, she told appellant to
"hold on" while she answered the phone. When appellant entered her home, the
complainant began screaming and told appellant he could have whatever he wanted if he
would leave. Complainant's friends, who interrupted the incident with their arrival,
testified that appellant appeared scared and left immediately, protesting that he "wasn't
doing anything." Viewing the evidence in the light most favorable to the verdict, a
rational jury could have found a lack of consent to enter complainant's home beyond a
reasonable doubt. See Jackson, 443 U.S. at 319. 

3. With Intent to Commit an Assault

 Appellant argues there is insufficient evidence to show he intended to assault
complainant. Assault is defined as intentionally, knowingly, or recklessly causing
bodily injury to another. Tex. Pen. Code Ann. § 21.01(a)(1) (Vernon 2003). Intent
may be inferred from circumstantial evidence. Moore v. State, 54 S.W.3d 529, 539
(Tex. App.-Ft. Worth 2001, pet. ref'd). The events of a burglary may imply the intent
with which an accused defendant entered, and the offense is complete whether or not
the intended assault is actually committed. Id.

 Complainant testified that, on the night of the offense, appellant told her he
was there to work on faucets. However, he arrived unannounced, late at night, and
did not have any tools with him. His employer was no longer under contract to
perform maintenance on complainant's home. On entering complainant's home,
appellant immediately forced his hands over complainant's mouth and neck and pulled
her into a bedroom. Appellant then forced her down on a bed and attempted to
remove her pants. When complainant's friends arrived, appellant directed her to
answer the door. She attempted to mouth the word "rape" to them. Appellant then
exited the front door of the house and told complainant's friends that he "wasn't
doing anything." Complainant then had her friends take her to the police station. 

 Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found beyond a reasonable doubt that appellant entered complainant's
home with the intent to assault her. See Jackson, 443 U.S. at 319. Thus, we hold
that the evidence is legally sufficient to support appellant's conviction of burglary of
complainant's home with the intent to commit assault. Appellant's first point of error
is overruled.III. Refusal to Direct Verdict 

 In his second point of error, appellant contends the trial court erred in refusing
to direct the jury to return a finding of not guilty. A challenge to the denial of a motion
for directed verdict is a challenge to the legal sufficiency of the evidence. Williams v.
State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Having concluded that the
State has met its burden as to the essential elements of the offense, we find that the
court properly refused to direct a verdict of not guilty. Appellant's second point of
error is overruled.

IV. Refusal to Grant Mistrial

 In his third point of error, appellant contends the trial court erred in refusing to
grant a mistrial due to complainant's outburst during the punishment phase. 

A. Standard of Review

 The standard of review for the granting or denial of a motion for mistrial is
abuse of discretion. Cano v. State, 3 S.W.3d 99, 109 (Tex. App.-Corpus Christi
1999, pet. ref'd). We review the facts in the light most favorable to the ruling. See
Cabrera v. State, 24 S.W.3d 528, 529 (Tex. App.-Corpus Christi 2000, pet. ref'd). 
A mistrial is considered an extreme remedy and is appropriate only if conduct is clearly
so inflammatory and prejudicial to the defendant that a curative instruction could not
remove the impression from the minds of the jurors. Id. It is an abuse of discretion
to grant a mistrial where less drastic means are available. Brown v. State, 907
S.W.2d 835, 839 (Tex. Crim. App. 1995).B. Analysis

 During appellant's testimony at the punishment phase, complainant shouted
from the audience "[y]ou're not supposed to lie on the stand." Appellant's counsel
objected and moved for a mistrial on the grounds that the remark was inflammatory
and prejudicial. However, the court removed the complainant from the courtroom and
instructed the jury to disregard the outburst. Again, just before the charge was read,
the court instructed the jury that the outburst was not evidence and must be
disregarded. 

 There is a presumption on appeal that an instruction to disregard will be obeyed. 
Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (holding assertion
that defendant's testimony was fraught with lies was cured by instruction to
disregard). A determination of the credibility of a witness belongs to the fact-finder. 
Id. at 698. We find that the outburst was not so harmful as to overcome the jury's
ability to disregard it and was cured by the instructions given by the court. See id. 
Appellant's third point of error is overruled.V. Constitutionality of Punishment

 By his fourth point of error, appellant contends the punishment assessed by the
jury was unconstitutionally disproportionate to the seriousness of the offense. 
However, appellant did not object to the length of sentence at the close of punishment
or in any post-trial motion. In order to preserve a complaint for appellate review, a
party must have presented a timely request, objection, or motion to the trial court
stating the specific grounds for the objection and have obtained a ruling. Tex. R. App.
R. 33.1. It is well-settled that even constitutional rights may be waived by a failure
to object. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128
(2001) (citing Dewbery v. State, 4 S.W.3d 735, 752 n.16) (only hearsay objection
made at trial, thus, constitutional argument waived on appeal); Briggs v. State, 789
S.W.2d 918, 924 (Tex. Crim. App. 1990) (even constitutional error may be waived);
Ex parte Crispen, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989) (appellate courts will
not consider error which could have been but was not called to attention of trial court
at time when such error could have been avoided or corrected). By failing to object
to the trial court's sentence, appellant has waived the issue on appeal. See Quintanilla
v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi 1989, pet. ref'd). 

 Moreover, it is well established that a sentence that falls within the range of
punishment prescribed by the legislature is not excessive, cruel, or unusual. Samuel
v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Morales v. State, 897
S.W.2d 424, 427 (Tex. App.-Corpus Christi, 1995, pet. ref'd). Here, appellant was
sentenced to life, which is within the prescribed range for the offense in light of
appellant's criminal history. (1) Appellant's fourth point of error is overruled.VI. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 13th day of November, 2003. 
1. Burglary of a habitation with the intent to commit assault is a felony of the first
degree. Tex. Pen. Code. Ann. § 30.02 (Vernon 2003). If it is shown on the trial of
a first-degree felony that defendant has once before been convicted of a felony, the
punishment is imprisonment in the institutional division of the Texas Department of
Criminal Justice for life, or for any term of not more than ninety-nine years or less than
fifteen years. Id. § 12.42(c)(1)-(2). In this instance, appellant's punishment was
enhanced by four prior felony convictions ranging from robbery and aggravated robbery
to aggravated kidnapping.